```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
JOSNEL RODRIGUEZ,                        :    22cv6771 (DLC)
                                         :    16cr559-2 (DLC)
                    Petitioner,          :
                                         :    OPINION AND ORDER
          -v-                            :
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                    Respondent.          :
                                         :
----------------------------------------X
```

APPEARANCES:

For petitioner:
Josnel Rodriguez, pro se

For respondent:
United States Attorney's Office, SDNY
Margaret Graham
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

    Josnel Rodriguez, who was convicted following trial, has filed a petition pursuant to 28 U.S.C. § 2255 seeking to be resentenced, or in the alternative, to have his conviction vacated. Rodriguez principally complains that he would have pleaded guilty but for his trial attorney's ineffective assistance. For the following reasons, the petition is denied.

## Background

    Rodriguez was indicted and arrested on August 17, 2016. The indictment named Corey Brown and Christopher Canada as

defendants as well.  At an arraignment held that same date, a trial date was set for June 11, 2017.  Allan Haber was appointed to represent Rodriguez.  On October 27, George Goltzer was appointed as learned counsel for Rodriguez and assisted Haber in representing Rodriguez through the date of sentence.

Rodriguez, Brown, and Canada were indicted in a superseding indictment on May 1, 2017.  It charged Rodriguez in four counts with participating in a racketeering conspiracy, with murder in aid of racketeering in connection with the murder of Vincent Davis in 2012, with conspiring to commit murder in aid of racketeering, and with causing the use of a firearm to kill Davis, in violation of 18 U.S.C. §§ 1962(d), 1959(a)(1) and (5), and 924(c).  Count Two, the charge of murder in aid of racketeering, carried a mandatory minimum term of imprisonment of 10 years, to be served consecutively to any other term of imprisonment.  The charges against the three defendants grew out of their membership in Sex, Money, Murder ("SMM"), which operated in a housing project in the Bronx and was a violent gang associated with the Bloods.

Prior to trial, the Government extended an informal plea offer to Rodriguez.  The offer would allow Rodriguez to plead to the RICO charge in Count One and its murder predicate in satisfaction of all charges in the Indictment.  There would have been no mandatory minimum term of imprisonment, but the

Sentencing Guidelines range would be 360 months' to life imprisonment. Defense counsel conveyed the offer to Rodriguez and Rodriguez did not accept it.

On May 31, the Government advised defense counsel that it would not proceed to trial on two of the counts, the counts charging Rodriguez with murder in aid of racketeering and causing the use of a firearm to kill Davis. As a result, Rodriguez would not be facing at trial the charge that carried a mandatory minimum term of imprisonment. The Government conveyed as well that it remained willing to accept the previously discussed plea.

Two of the three defendants named in the superseding indictment proceeded to trial: Brown and Rodriguez. At the final pretrial conference on June 1, the Court conducted a colloquy with the Assistant United States Attorneys, defense counsel, defendant Brown and finally Rodriguez about the parties' plea discussions and whether the pertinent discussions had been conveyed to Brown and to Rodriguez.

Defense counsel for Rodriguez confirmed that he had conveyed the plea offers to Rodriguez, discussed his own evaluation of the strength of the Government's case and any possible defenses with Rodriguez, and made his own recommendation to Rodriguez as to whether he should accept the plea. Defense counsel explained that after those discussions,

3

Rodriguez chose to proceed to trial. The colloquy emphasized that the offer contained no mandatory minimum term of imprisonment and the guidelines range was 30 years' imprisonment to life imprisonment. Rodriguez confirmed under oath that counsel had accurately described to the Court counsel's conversations with him and that he had decided to proceed to trial.

The trial began on June 12. Haber and Goltzer were assisted by attorney Jacob Mitchell in representing Rodriguez at the trial.

Christopher Lopez testified that he had murdered Davis at Corey Brown's direction and with help from Rodriguez. Another former SMM member explained the history of SMM and the power struggle between Davis and Brown for leadership of SMM. Lopez's girlfriend testified to incriminating statements made by Rodriguez and Brown. In addition, texts, photographs and other exhibits showed Rodriguez's membership in SMM, and cell site data showed Rodriguez's movements on the night Davis was murdered.

The evidence established that Brown's return to the SMM neighborhood in 2009 ignited a struggle over the leadership of SMM. Some members were loyal to Brown and some to Davis. In a fight between Davis and Brown, Davis cut Brown's face with a

4

razor.  When Lopez returned to the neighborhood in 2012, Brown told him that he wanted Lopez to kill Davis.

On July 15, 2012, after Lopez told Rodriguez that he was going to kill Davis, Rodriguez spotted Davis at a cookout and told Lopez where Davis was.  Rodriguez suggested that they move Lopez's car so that it would be concealed and they did so together.  Lopez then shot Davis, ran back to the car and gave the gun to Rodriguez, who had waited at the car.  They drove to Rodriguez's house and Rodriguez took the gun upstairs to store it.  Rodriguez accidentally fired the gun and shot himself in the hand while attempting to clean the gun.  Lopez drove Rodriguez to a nearby hospital for treatment of his wound.

On June 21, 2017, the jury convicted Rodriguez of each of the two racketeering counts on which he was tried.  The jury returned a verdict of guilty against Brown on five counts.

The Presentence Report calculated a Sentencing Guidelines range for Rodriguez of life imprisonment.  Despite being just twenty-seven years old, Rodriguez had a serious criminal history record.  The Probation Department recommended a sentence of life.  The Government recommended a substantial term of incarceration.  The Rodriguez sentencing submission requested a sentence of twenty years' imprisonment.

The Court imposed a sentence principally of 240 months' imprisonment on Count One, and 120 months' imprisonment on Count

Three, to be served concurrently. Rodriguez appealed his conviction, which was summarily affirmed on June 11, 2021. Rodriguez petitioned for rehearing en banc, which was denied. Rodriguez timely filed this petition on June 30, 2022.

## Discussion

Rodriguez argues in this petition that but for his counsel's errors he would have entered a plea of guilty and received a less severe sentence. Rodriguez argues that his attorney was ineffective in connection with plea discussions with the Government and in not seeking to interview five individuals while preparing for trial. He asks to be resentenced "as if he had" accepted the Government's plea offer and pleaded guilty. Alternatively, he asks to have his conviction vacated.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

> To establish ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance caused prejudice to the defendant -- that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

6

United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984))).  The performance prong of the Strickland test includes counsel's

> duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Matthews v. United States, 682 F.3d 180, 186 (2d Cir. 2012) (citation omitted).

"A defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer.  Defense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government."  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003).

> Where defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, [the Second Circuit has] further stated that the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.

Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992) (citation omitted).

7

I.   Assistance in Plea Negotiations

In his petition Rodriguez first asserts that his defense counsel failed him in two ways in connection with plea negotiations with the Government. He seeks to be resentenced as if he had pleaded guilty and to receive the benefit at that resentencing of that assumed plea.

Rodriguez first asserts that his attorney failed to adequately advise him of and facilitate plea discussions with the Government. According to Rodriguez, his attorney told him that he would receive a sentence of thirty years' imprisonment if he accepted the Government's plea offer. He represents that he would have pleaded guilty but for his impression that his sentence would be thirty years' imprisonment.

Rodriguez next complains that his attorney should have initiated plea discussions with the Government after the Government's "late" disclosure of cell site evidence. Rodriguez explains that this evidence refuted the defense that Rodriguez's counsel outlined to the jury in his opening statement at trial. Pleading guilty, he argues, would have allowed him to receive an offense level adjustment for acceptance of responsibility.

Rodriguez's assertion that his attorney told him that the Government's plea offer required a sentence of 30 years' imprisonment is flatly contradicted by the colloquy at the final pretrial conference. During that conference, Government counsel

8

described the terms of the plea discussions, which included no mandatory minimum term of imprisonment.  Defense counsel confirmed the accuracy of the description, and Rodriguez confirmed under oath that counsel had accurately described in court what his counsel had conveyed to him.  Rodriguez abandons this argument in his reply.

Rodriguez also abandons in his reply his contention that his attorney was required <u>sua sponte</u> to reopen plea discussions with the Government during the trial.  It should be noted as well that the sentencing guidelines would have remained unchanged at 360 months' imprisonment to life even if Rodriguez had pleaded guilty and his offense level were adjusted by two or three points to reflect an acceptance of responsibility.

Moreover, Rodriguez having rejected the Government's pretrial offer and chosen to proceed to trial, defense counsel was not obligated to continue to explore the possibility of Rodriguez changing his mind and entering a plea of guilty during the trial.  Rodriguez does not assert that he ever informed his attorney that he had changed his mind and wanted to plead guilty.  The decision to proceed to trial is for the defendant to make.  Defense counsel must respect that decision and "take care not to coerce a client into either accepting or rejecting a plea of guilty."  <u>Purdy v. United States</u>, 208 F.3d 41, 45 (2d Cir. 2000).

9

II.  Interviews of Five Persons

Rodriguez next asserts that his counsel was ineffective for failing to interview five "potentially" exculpatory witnesses. These witnesses are Jamal Davis, Chris Canada, Jonathan Bacon Rodriguez, Steve McNear, and Jeremy Cruz. This second claim must also be dismissed.

Besides listing the five names, Rodriguez gives very little information about the five individuals. He asserts that he either brought their names to his counsel' attention or that his counsel could have discovered their names with reasonable diligence. Rodriguez does not explain how any of these individuals might have assisted his attorney to prepare for trial or assisted him at trial. He does not submit any affidavit from any of them explaining that they would have been willing to testify or describing the testimony they would have given. He does not describe what evidence he believes they could have given to his attorney if they had been interviewed. He does not suggest, for instance, that any of these individuals saw him on the day of the murder or was privy to his interactions with Lopez that day.

In his reply brief, Rodriguez again fails to explain how any one of these five individuals might have been of assistance to his defense. He does argue, however, that a hearing should be held to explore whether his counsel was ineffective for not

10

interviewing these witnesses. More is required of the petitioner. Even though a petitioner who is seeking a hearing need not establish that he will succeed on his claim, he must show "that he has a plausible claim of ineffective assistance of counsel." Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011) (citation omitted). Here, Rodriguez has neither established a plausible ineffectiveness claim nor raised a question of material fact as to whether any of these five witnesses would have been helpful to his defense.

## Conclusion

Rodriguez's June 30 petition is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         March 1, 2023

                                    _____
                                    DENISE COTE
                                    United States District Judge

11